## KINKOPF v SCHERER et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 12346 & 12347. Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON and FARR, JJ, sitting.

J. E. Wenneman, W. J. Corrigan, Cleveland, for plaintiff in error.

Paul D. Reece, Cleveland, for defendant in error.

MAUCK, PJ.

Proceeding to consider the petition to reverse the consolidated judgment we find but one exception in the record and that is an exception to the order of reference. It must be conceded that the power of the court to send a case to a referee for trial depends on whether the case is or is not a case in which an objecting party has a right to a trial by jury. The plaintiff in error claims that the petition filed by him was one for money only in which he sought to recover $56,000 from Scherer; that it was an action for breach of the contract and that he had a constitutional right to jury trial for the breach thereof. The contract was a peculiar one and its claimed violation was set forth in a petition of an unusual character. It was the claim of Kinkopf that Scherer owned all the capital stock of a certain corporation; that he agreed with Kinkopf that if the latter would give him the note and mortgage in question Scherer would realize on the same and put it into the business of the corporation which Scherer controlled and give a certain amount of the corporate stock to Kinkopf; that out of the profits of the corporation there should first be paid the mortgage note; that each of the parties should draw the same salary and each should share equally in the profits of the corporation.

While Kinkopf claimed that this contract had been violated and that he had been

damaged in the sum of $56,000, he did not plead any facts by which the court could determine the extent of any injuries which he suffered, and it is difficult to see how if the contract were violated Kinkopf could recover upon this contract in a suit at law for any of the injuries that he undertook to recite. What he did in substance plead in his petition was that Scherer usurped the functions of the corporation in question; used the property of that corporation for his own benefit; converted its assets to his own use and diverted its business to his own purposes and altered the books to the confusion of the rights of Kinkopf as a stockholder plainly giving to Kinkopf a right to an accounting from Scherer, which he had theretofore demanded.

The trial court seems to have taken the view that the contract was in fact one of partnership, that is, that the stock in the corporation was owned by a partnership consisting of Scherer and Kinkopf. If this is a correct construction of that contract, of course Kinkopf's only remedy was in equity. Whether however the contract created a partnership or not, the petition showed that Kinkopf did not know and could not tell the nature or the extent of the injuries that he suffered at the hands of Scherer, and that Scherer was exercising such dominion over Kinkopf's property as to be a trustee therefor and that a court of equity only could require and take an accounting and thus give to Kinkopf adequate relief. The trial court was consequently quite right in deciding that the petition filed in case No. 346,894 was one in which relief could be afforded only by a court of equity.

It follows, therefore, that the court was quite right in determining that Kinkopf was not entitled to a trial by jury and that the court had power to send the case to a referee. This is the only question raised by the record or that can be in the absence of a bill of exceptions. The entries in this court should show the consolidation of the two cases in this court and an affirmance of the consolidated judgment in the Court of Common Pleas.

MIDDLETON and FARR, JJ, concur.